```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION

IN RE: BENJIE M. LOUISON AND        {   CHAPTER 13
       JANINE E. G. LOUISON,        {
                                    {
           DEBTOR(S)                {   CASE NO. A10-89659MGD
                                    {
                                    {   JUDGE DIEHL
```

**OBJECTION TO CONFIRMATION**

COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor(s)' payments under the proposed plan are not current.

2. The Debtor(s) has proposed to make payments directly to the Trustee but should be required to have them remitted by payroll deduction.

3. As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not conform to 11 U.S.C. Section 1325(a)(4).

4. The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. Section 1325(b)(1)(B).

5. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (275 months).

6. The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

Mary Ida Townson, Chapter 13 Trustee
Suite 2700 – 100 Peachtree Street, N.W.
Atlanta, GA  30303
(404) 525-1110
albertg@atlch13tt.com

7. The Chapter 13 petition fails to include a debt owed to a homeowners association creditor and Greentree Capital, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. Section 1325(a)(3).

8. Pursuant to testimony from the meeting of creditors, it appears that Debtor(s) has a pending/or anticipated lawsuit. The Chapter 13 Petition and schedules fail to fully disclose this lawsuit/or claim, in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h). Further, Schedule B does not fully disclose this matter, thereby preventing the Chapter 13 Trustee from evaluating whether any existing or anticipated proceeds exceed exemption limitations as set forth in O.C.G.A. Section 44-13-100.

9. The Trustee requests proof of all post-petition mortgage payments prior to the confirmation date in order to determine feasibility pursuant to 11 U.S.C. Section 1325(a)(6).

10. The Trustee requests that the plan provide for any tax refunds received during the applicable commitment period of the plan be remitted to the plan or, in the alternative, that the Debtor(s) adjust the tax withholding and increase the plan payment accordingly. 11 U.S.C. §1325(a)(3). Specifically, the Trustee requests that the plan be amended to state: Any tax refund that is issued to the Debtor(s) during the applicable commitment period shall be paid into the Chapter 13 case. Further, the Debtor(s) instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund issued during the applicable commitment period directly to the Chapter 13 Trustee.

11. All prior bankruptcy cases of the Debtor(s), or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

12. Pursuant to testimony from the meeting of creditors, it appears that Grady Law represents the Debtor(s) in a pending/or anticipated non-bankruptcy litigation. Said attorney has not been approved as special counsel by the Bankruptcy Court, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

Mary Ida Townson, Chapter 13 Trustee
Suite 2700 – 100 Peachtree Street, N.W.
Atlanta, GA  30303
(404) 525-1110
albertg@atlch13tt.com

  13. Chapter 13 Petition fails to include Schedule C, in violation of Bankruptcy Rule 1007(b).

  14. Debtor's (s') Schedule I reflects a contribution from rental property of $1,950.00 per month. The trustee requests documentation regarding this contribution. If the contribution is from rental income, the trustee requests documentation such as a copy of the written lease.

  15. The proposed plan fails to provide for the treatment of Brookwood Park Condo's.  However, said creditor has filed a secured claim.

  16. The payout of the claim(s) owed to Chase will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

  WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

  January 27, 2011

          _____/s_____
          Albert C. Guthrie, Attorney
          for Chapter 13 Trustee
          GA Bar No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2700 – 100 Peachtree Street, N.W.
Atlanta, GA   30303
(404) 525-1110
albertg@atlch13tt.com

A10-89659MGD

CERTIFICATE OF SERVICE

This is to certify that I have this day served

DEBTOR(S):

BENJIE M. LOUISON
P.O. BOX 422592
ATLANTA, GA 30342

JANINE E. G. LOUISON
P.O. BOX 422592
ATLANTA, GA 30342

ATTORNEY FOR DEBTOR(S):

MARILYN S. BRIGHT
SUITE 702
41 MARIETTA STREET
ATLANTA, GA 30303

in the foregoing matter with a copy of this pleading by depositing in the United Sates Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This 27th day of January 2011

/s

Mary Ida Townson, Chapter 13 Trustee
Suite 2700 − 100 Peachtree Street, N.W.
Atlanta, GA   30303
(404) 525-1110
albertg@atlch13tt.com