IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : Chapter 13 |
| BENJIE MATTHEW LOUISON a/k/a | : |
| BEN LOUISON and | : Case No. 10-89659-MGD |
| JANINE EVE GLASBY LOUISON, | : |
| | : |
| Debtors. | : |
| | : |
| GREEN TREE SERVICING LLC, | : |
| | : |
| Movant, | : |
| | : |
| vs. | : |
| | : |
| BENJIE MATTHEW LOUISON a/k/a | : |
| BEN LOUISON and | : |
| JANINE EVE GLASBY LOUISON and | : |
| MARY IDA TOWNSON, Chapter 13 Trustee, | : |
| | : |
| Respondents. | : |
| | : |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN that a Motion for Relief from the Automatic Stay has been filed in the above-styled case. In the event a hearing cannot be held within thirty (30) days from the filing of the Motion for Relief from the Automatic Stay as required by 11 U.S.C. §362, Movant, waives this requirement and agrees to the next earliest possible date, as evidenced by the signature below. The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the Court orders otherwise. **The hearing will be held on the 23rd day of March, 2011, at 2:00 p.m., in Courtroom 1201, U.S. Courthouse, 75 Spring Street, Atlanta, Georgia.**

Within three (3) days of the date of this notice, Movant's attorney, or a pro se Movant, shall serve this Motion and this notice upon the Debtor(s), Trustee and their attorneys of record, and shall file a certificate of service within three (3) days of service.

This ___ day of March, 2011.

CONSENTED TO:

s/
David W. Adams
State Bar No. 002860
Drew K. Stutzman
State Bar No. 000098

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : Chapter 13 |
| BENJIE MATTHEW LOUISON a/k/a | : |
| BEN LOUISON and | : Case No. 10-89659-MGD |
| JANINE EVE GLASBY LOUISON, | : |
| | : |
| Debtors. | : |
| | : |
| GREEN TREE SERVICING LLC, | : |
| | : |
| Movant, | : |
| | : |
| vs. | : |
| | : |
| BENJIE MATTHEW LOUISON a/k/a | : |
| BEN LOUISON and | : |
| JANINE EVE GLASBY LOUISON and | : |
| MARY IDA TOWNSON, Chapter 13 Trustee, | : |
| | : |
| Respondents. | : |
| | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW Movant, Green Tree Servicing LLC ("Movant"), the holder of a secured claim in the above-styled case, and herewith files this Motion for Relief from Automatic Stay, respectfully showing the Court the following:

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334, §157, 11 U.S.C. §362.

2.

On or about June 30, 2006, Benjie Matthew Louison a/k/a Ben Louison ("Debtor") executed Note ("Note") to purchase real property known as 130 26th Street NW #609, Atlanta, Georgia 30309 ("Real Property") in the principal amount of $85,500.00. A true and correct copy of the Note is attached hereto as Exhibit "A".

3.

The Note was assigned to Movant which financed the purchase price of the Real Property. Movant retained and perfected a security interest in the Real Property as evidenced by the Security Deed ("Security Deed"). A true and correct copy of the Security Deed is attached hereto as Exhibit "B".

4.

On or about October 4, 2010, Benjie Matthew Louison a/k/a Ben Louison and Janine Eve Glasby Louison ("Debtors") filed a petition for relief under Chapter 13 of Title 11 of the United States Code.

5.

As of commencement of Debtors' case, Movant was the holder of a secured claim against Debtors with an approximate balance of $89,252.16.

6.

Movant is entitled to relief from the automatic stays entered on behalf of the Debtors in that there is no equity in the Collateral and it is not needed in any reorganization effort by the Debtors.

7.

Movant is further entitled to relief from the automatic stays entered on behalf of Debtors in that Movant is not adequately protected in this case. Upon information and belief, the Debtors' proposed plan proposes to surrender the Collateral to Movant and therefore Movant will receive no distributions either from the Debtor or the Chapter 13 Trustee in this matter. If not permitted to take possession of its Collateral and dispose of same, and further proceed immediately with its applicable remedies under applicable non-bankruptcy law to gain physical possession thereof, Movant will suffer irreparable injury, loss and damage.

8.

Movant is further entitled to relief from the automatic stays entered on behalf of Debtors in that the Real Property which can be easily damaged by Debtors or others or is depreciating in value, thereby entitling Movant to an order expressly providing that relief from stay not be stayed for the ten (10) day period provided for under Bankruptcy Rule 4001 (a)(3).

WHEREFORE, Movant, Green Tree, respectfully prays that upon final consideration of this Motion;

1. That this Court terminate or modify all stays entered pursuant to 11 U.S.C. § 362 to permit Movant to take possession of its Real Property and dispose of same and further proceed immediately with its remedies under applicable non-bankruptcy law to gain physical possession of same;

2. That this Court expressly provide said relief not be stayed as provided for under Bankruptcy Rule 4001 (a)(3);

3. That Movant be permitted to file a claim for any deficiency resulting after disposition of the Collateral;

4. That Movant have such other and further relief as this Court deems just and proper.

This _1_ day of March, 2011.

                                  s/
                                  David W. Adams
                                  State Bar No. 002860
                                  Drew K. Stutzman
                                  State Bar No. 000098
                                  Attorney for Green Tree Servicing LLC

ELLIS, PAINTER, RATTERREE & ADAMS LLP
Post Office Box 9946
Savannah, Georgia 31412-9946
(912) 233-9700

# NOTE

June 30, 2006                    ATLANTA                         GA
[Date]                           [City]                          [State]

*I hereby certify that the within instrument is a true and correct copy*

130 26TH STREET NW #609, ATLANTA, Georgia 30309
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 85,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
**National City Mortgage a division of National City Bank of Indiana**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.680 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on August 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on July 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at     National City Mortgage Co.
P O Box 17677, Baltimore, MD 21297-1677         or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 608.41.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE-Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP-5N (0207)            Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3            Initials: BC



### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.00   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

#### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
BEN LOUISON                    -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

*[Sign Original Only]*

VMP-5N (0207)              Page 3 of 3              Form 3200 1/01

W# 4743810 Louison

Return To:

National City Bank of Indiana
P.O. Box 8800
Dayton, OH 45401-8800

Melanie R. Mayer, Attorney at Law
3775 Mansell Road
Alpharetta, GA 30022
770-408-7007 fax 770-408-7008

Prepared By:

TAMIKO KNIGHT

National City Bank of Indiana
P.O. Box 8800
Dayton, OH 45401-8800

———————————————— [Space Above This Line For Recording Data] ————————————————

# SECURITY DEED

Deed Book 42932 Pg 8
Filed and Recorded Jul-03-2006 08:30am
2006-0201484
Georgia Intangible Tax Paid $256.50
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated    June 30, 2006
together with all Riders to this document.
(B) "Borrower" is

BEN LOUISON Sole Owner

Borrower is the grantor under this Security Instrument.
(C) "Lender" is  National City Mortgage a division of
   National City Bank of Indiana
Lender is a    National Banking Association
organized and existing under the laws of    United States

GEORGIA -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                 Form 3011 1/01

VMP -6(GA) (0005).01    Initials: BL
Page 1 of 14
VMP MORTGAGE FORMS - (800)521-7291

Deed Book 42932 Pg 9

Lender's address is    3232 Newmark Drive, Miamisburg, OH  45342

Lender is the grantee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated June 30, 2006
The Note states that Borrower owes Lender
EIGHTY FIVE THOUSAND FIVE HUNDRED & 00/100                                   Dollars
(U.S. $     85,500.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than    July 1, 2036
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☒ Condominium Rider              ☐ Second Home Rider
☐ Balloon Rider            ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider                 ☐ Biweekly Payment Rider         ☒ Other(s) [specify] Occup Rider

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

Initials: BL

-6(GA) (0005).01            Page 2 of 14                              Form 3011  1/01

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the

County of Fulton
[Type of Recording Jurisdiction]   [Name of Recording Jurisdiction]

Parcel ID Number:                                                   which currently has the address of
   130 26TH STREET NW #609,                                         [Street]
   ATLANTA                                   [City]  , Georgia  30309   [Zip Code]
("Property Address"):

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

Initials: BL

-6(GA) (0005).01                    Page 3 of 14                          Form 3011  1/01

Deed Book 42932 Pg 21

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_Ben Louis_ (Seal)
BEN LOUISON  -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

STATE OF GEORGIA,                                    Fulton County ss:
    Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____  County
Notary Public
State of Georgia

[Notary Seal: MELANIE R. MAYER, MY COMMISSION EXPIRES APRIL 24, 2008, FORSYTH CO., GEORGIA, NOTARY PUBLIC]

VMP -6(GA) (0005).01                    Page 14 of 14                    Form 3011  1/01

Deed Book 42932 Pg 26

## EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 147 OF THE 17TH DISTRICT, FULTON COUNTY, GEORGIA, AND BEING IDENTIFIED AND DEPICTED AS UNIT NO. 609 (HEREINAFTER REFERRED TO AS THE "DWELLING") ON THAT AS-BUILT SURVEY FOR BROOKWOOD PARK CONDOMINIUM RECORDED IN CONDOMINIUM PLAT BOOK 5, PAGE 58, FULTON COUNTY, GEORGIA RECORDS, AS AMENDED BY ANY REVISIONS THEREOF FILED FOR RECORD ON THE AFORESAID RECORDS, AND ON THOSE PLANS FOR BROOKWOOD PARK CONDOMINIUM, FILED IN CONDOMINIUM CABINET NO. 2, FOLDER NO. 64, AFORESAID RECORDS, TOGETHER WITH ALL RIGHT, TITLE AND INTEREST OF GRANTOR IN THE DWELLING AND THE APPURTENANCES THERETO UNDER THAT CERTAIN DECLARATION OF CONDOMINIUM FOR BROOKWOOD PARK CONDOMINIUM, RECORDED IN DEED BOOK 7594, PAGE 267, FULTON COUNTY, GEORGIA RECORDS, AS AMENDED BY AMENDMENTS THERETO FILED FOR RECORD ON THE AFORESAID RECORDS (SAID DECLARATION INCLUDING ALL EXHIBITS THERETO AND AMENDMENTS THERETO HEREINAFTER BEING REFERRED TO AS THE "DECLARATION"). THE INTEREST HEREIN CONVEYED INCLUDES, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS OF BROOKWOOD PARK CONDOMINIUM APPURTENANT TO THE DWELLING, AS THE SAME IS SPECIFIED IN THE DECLARATION.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>BENJIE MATTHEW LOUISON a/k/a<br>BEN LOUISON and<br>JANINE EVE GLASBY LOUISON,<br><br>Debtors.<br><br>GREEN TREE SERVICING LLC,<br><br>Movant,<br><br>vs.<br><br>BENJIE MATTHEW LOUISON a/k/a<br>BEN LOUISON and<br>JANINE EVE GLASBY LOUISON and<br>MARY IDA TOWNSON, Chapter 13 Trustee,<br><br>Respondents. | Chapter 13<br><br>Case No. 10-89659-MGD |

## CERTIFICATE OF SERVICE

I hereby certify that on March ___, 2011, I caused a true and correct copy of the *"Notice of Assignment of Hearing"* and the *"Motion for Relief from Automatic Stay"* filed in the above-styled matter to be served via the following methods: (1) via Notice of Electronic Filing to those parties listed below who are registered participants of the Electronic Case Filing System; and (2) via United States First Class Mail, with adequate postage affixed, addressed to those parties listed below who are not registered participants of the Electronic Case Filing System:

**Benjie Matthew Louison, P.O. Box 422592, Atlanta, GA 30342**
**Janine Eve Glasby Louison, P.O. Box 422592, Atlanta, GA 30342**
**Marilyn S. Bright, Esq., Suite 702, 41 Marietta Street, Atlanta, GA 30303**
**Mary Ida Townson, Esq., Chapter 13 Trustee, Suite 2700 – Equitable Bldg, 100 Peachtree Street, NW, Atlanta, GA 30303**

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   March ___, 2011           By:    s/ _____
                                                David W. Adams
                                                State Bar No. 002860
                                                Drew K Stutzman
                                                State Bar No. 000098

ELLIS, PAINTER, RATTERREE & ADAMS LLP
Post Office Box 9946
Savannah, Georgia 31412
(912) 233-9700

608946v1