IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

JUN 22 2011

BY:_____
DEPUTY CLERK

| | |
|---|---|
| INN RE: | * |
| BENJIE LOUISON and JANINE LOUISON, | * BANKRUPTCY NO. 10-89659-MGD<br>* Chapter 13<br>* Judge Diehl |
| Debtors. | |
| BENJIE LOUISON and JANINE LOUISON, | |
| Plaintiffs, | |
| vs. | * ADVERSARY NO. |
| WYNN GOLDSTEIN, | |
| Defendant. | |

COMPLAINT FOR TURNOVER AND FOR FINDING OF CONTEMPT

Come now Debtors LOUISON, by and through their counsel, and bring their Complaint to compel Defendant to turn over property of the estate to the Chapter 13 Trustee obtained by Defendant through post-petition garnishment of Defendant BENJIE LOUISON's employment and wages, and for a finding of contempt and appropriate sanctions therefor. In support of this Complaint, Plaintiffs show as follows:

1.
Jurisdiction

This is a core matter proceeding involving the automatic stay, turnover and property of the Plaintiffs/Debtors' estate. This Court has jurisdction over this proceeding pursuant to 28 U.S.C. Section 157 and 1334, and 11 U.S.C. Sections 105, 362, 541, and 542.

2.
Venue

Venue is proper in the United Stgates Bankruptcy Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. Section 1472.. Plaintiffs' Chapter 13 bankruptcy case No. 10-89659-MGD is presently pending in this disterict.

3.
Parties

Plaintiffs BENJOIE LOUISON and JANINE LOUISON are the debtors in Case No. 10-89659-MGD (N.D.Ga. Atolanta Division), a case filed on October 4, 2010 and still pending.

4.

Defendant WYNN GOLDSTEIN is a creditor of Plaintiffs and is listed in Schedule F of Plaintiffs/Debtors' bankruptcy schedules filed with this Court. Defendanty is an attorney in New Jersey.

Statement of the Case
5.

Defendant WYNN GOLDSTEIN initiated a lawsuit and obtaiend a judgment pre-petition against Plaintiff BENJIE LOUISON in the state court system in New Jersey prior to Plaintiff filing his Chapter 13 b ankruptcy case in this Court.

6.

Defendant WYNN GOLDSTEIN filed a garnishment action in State Court of Fulton County, Georgia with Plaintiff BENJIE LOUISON'S employer as garnishee. Plaintiff's employer is Delta Airlines.

7.

Plaintiff BENJIE LOUISON's wages are property of his bankrutpcy estate pursuant to 11 U.S.C. Section 1307 and are protected from garnishment by the automatic stay of 11 U.S.C. Section 362(a).

8.

Defendant's garnishment action trapped monies due to Plaintiff BENJIE LOUISON so far in the amount of $198.56.

9.

After the garnishment was filed and deduction began from Plaintiff BENJIE LOUISON's paycheck, Defendant was notified telephonically by Plaintiffs' counsel of the bankruptcy filing and number.

10.

Defendant has failed and refused to release the garnishment against Plaintiff BENJIE LOUISON's wages.

11.

The garnishment of Defendant is in violation of the automatic stay of 11 U.S.C. Section 362(a), and represents an illegal and unauthorized transfer post-petition to a pre-petition creditor.

12.

The garnishment impedes Plaintiffs' repayment ability and therefore the Chapter 13 rehabililtation process.

13.

The garnishment is continuing, and Plaintiffs need the intercession of this Court to obtain their property of the estate from Defendant.

Causes of Action

14.

Defendant has property of the Plaintiffs' estate by virtue of a post-petition garnishment. Plaintiffs are entitled to turnover of any and all funds captured and/or received by Defendant pursuant to 11 U.S.C. Section 542 and to dismissal of the garnishment. Such funds are now believed to be in the amount of $198.56.

15.

Defendant has actual knowledge of the pendency of Plaintiffs' bankruptcy case, and has failed and refused to stop the garnishment proceeding. Defendant is in willful contempt of the automatic stay of 11 U.S.C. Section 362(a), and should be punished for his recalcitrance under 11 U.S.C. Sections 362 and 105.

16.

Counsel for Plaintiff is entitled to an award of reasonable attorney's fees and costs for the prosecution of this adversary proceeding.

17.

Plaintiffs and their counsel request an expedited hearing in this adversary to address the garnishment problem. Plaintiffs will experience problems with confirmation and plan funding unless this Court can expeditiously intercede with resolution of the wage garnishment.

WHEREFORE, Plaintiffs pray that this Court:

    [a] Order Defendant to dismiss his garnishment proceeding against Plaintiff BENJIE LOUISON instanter;

    [b] Order Defendant to turnover any and all funds received and/or captured by Defendant's garnishment;

    [c] Find Defendant in willful contempt of the automatic stay and impose sanctions upon Defendant for such violation, both monetary and as to any claim of Defendant, including but not limited to disallowance and/or reduction;

    [d] Cast costs of this action against Defendant;

    [e] Award reasonable attorney's fees to counsel for Plaintiffs for the prosecution of this action; and

    [f] Order a preliminary hearing to address the dismissal of the garnishment;

    [g] Grant Plaintiffs such other and further relief as is just and proper under the circumstances.

*/s/ MS Bright*
MARILYN S. BRIGHT
Suite 702
41 Marietta Street, N.W.
Atlanta, Georgia 30303
[404] 523-3776
Georgia State Bar No. 082050

ATTORNEY FOR PLAINTIFFS